UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **02-81056**

MAGISTRATE JUDGE
VITUNAC

CIV-RYSKAMP

DONALD MILLER,

    Plaintiff,

vs.

ECKERD CORPORATION,

    Defendant.
_____/



## PETITION FOR REMOVAL

**COMES NOW**, Defendant, **ECKERD CORPORATION,** a Florida corporation, by and through its undersigned attorneys, and pursuant to 28 U.S.C. § 1441 et seq. hereby files this Petition for Removal of the above-entitled cause to the United States District Court for the Southern District of Florida, and in support thereof shows as follows:

In Plaintiff's Complaint, he pleads the following allegations:

    21. *MILLER underwent surgery on or about May 7, 1997 on his right foot and was excused from employment.*

    22. *On or about June 5, 1997, Marilyn Hannan of the Human Resources Department with the Defendant contacted MILLER claiming that the Defendant needed more information as to why MILLER needed a forty (40) hour work week. On June 9, 1997, MILLER's treating physician, Dr. Schilero prepared a note explaining that MILLER needed a forty (40) hour work week because of his severe psoriatic arthritis, affecting his right and left feet. Dr. Schilero also, in this note allowed MILLER to return to work full duty within such said restrictions on June 16, 1997.*

    23. *On June 10, 1997, Marilyn Hannan contacted MILLER stating that all he needed to do was to send in the "return from leave" form before he could return to work.*

Case 9:02-cv-81056-KLR   Document 1   Entered on FLSD Docket 11/18/2002   Page 2 of 6

Miller vs. Eckerd / CASE NO.: CA-02-7956-AF

     24. On June 12, 1997, MILLER sent the "return from leave" form to Ms. Hannan.

     25. On June 13, 1997, Ms. Hannan once again contacted MILLER stating that she needed more specific information as to why MILLER was restricted to a forty (40) hour work week. MILLER contacted Dr. Schilero and authorized the doctor to speak directly with Ms. Hannan. Thereafter, Ms. Hannan did contact Dr. Schilero and after speaking with Dr. Schilero recontacted MILLER stating that her conversation would probably "do it", but that she could not make the final decision on MILLER's return to work until she had an answer from the company.

     26. On June 18, 1997, MILLER contacted Ms. Hannan and was told that the company had not yet decided if he could return under the forty (40) hour work week conditions.

     27. On June 24, 1997, Ms. Hannan contacted MILLER stating that the specific information that she received from Dr. Schilero was now not enough. Thereafter, MILLER contacted his rheumatologist, Dr. Greer, who prepared a June 27, 1997 report stating that, due to MILLER's well documented psoriasis related arthritis, MILLER was restricted from standing more than one hour continuously and no more than four (4) hours in an average eight (8) hour working day. Dr. Greer also opined that MILLER should not be working more than a forty (40) hour work week, stating that for MILLER to work harder would result in flare ups of his disease which would not be in his best interest. This report was forwarded to the Defendant. MILLER, becoming financially stressed that he had not been permitted to return to work and his short term disability benefits having run out, told Ms. Hannan that he believed that he was getting the "run around" and would contact the appropriate governmental agency that investigates complaints of discrimination. Thereafter, during mid-July of 1997, Marilyn Hannan contacted MILLER stating that Eckerd would not permit MILLER to work a forty (40) hour work week, but that he would have to work fifty (50) hours a week, five (5), [sic] ten (10) hour days and two (2) days off. Thereafter, ECKERD required MILLER to sign an agreement to work fifty (50) hours per week.

Further, although contained within Count II purporting to state a claim for violation of the Florida Civil Rights Act on the basis of unlawful retaliation, Plaintiff further pleads:

     52.    The Defendant, ECKERD, through its duly authorized agents and employees, who acted on behalf of the Defendant within the scope of

Case 9:02-cv-81056-KLR    Document 1    Entered on FLSD Docket 11/18/2002    Page 3 of 6

Miller vs. Eckerd / CASE NO.: CA-02-7956-AF

> *their employment, intentionally retaliated against MILLER, in the following particulars: . . .*
>
> > *b) By keeping MILLER out of work without pay for periods of time longer than prescribed by his treating physicians;*

These well-pleaded allegations clearly fall within the ambit of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq.

At 28 U.S.C. § 2601(a)(4), Congress made the following finding:

> [T]here is inadequate job security for employees who have serious health conditions that prevent them from working for temporary...

In § 2601(b) Congress clearly expressed the purpose of the Family Medical Leave Act:

> (1) [T]o balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;
>
> (2) [T]o entitle employees to take reasonable leave for medical reasons...

Congress also specifically prohibited certain acts and conduct, pursuant to 29 U.S.C. § 2615, which holds:

> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

In 29 U.S.C. § 2615(b)(1) Congress also provided for an enforcement mechanism, under which employees could bring a civil action to enforce rights are alleged to have been abridged under the Family and Medical Leave Act, and entitling such employee to certain damages. Significantly, at 29 U.S.C. § 2617(a)(2) Congress mandated:

> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of (A) the employees; or (B) the employees and other employees similarly situated.

Miller vs. Eckerd / CASE NO.: CA-02-7956-AF

It is axiomatic that the United States District Court has original jurisdiction over any matters that raise federal questions, which include matters that are "arising under the Constitution, laws, or treaties of the United States." Metropolitan Life Insurance Company vs. Taylor, 481 U.S. 58, 63 (1987).

> It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. [citations omitted]. The "well-pleaded complaint rule" is the basic principal marking the boundaries of the federal question jurisdiction of the federal district court.

Taylor, supra at page 63, citing Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1 (1983). Where, as here, the federal statute in question vests jurisdiction in both the federal court and the state court, Congress has manifested an intent to make a cause of action which arises under the provisions of the Family and Medical Leave Act removable to the federal court. Taylor, supra at pages 64-66. The well-pleaded allegations of plaintiff's complaint state a cause of action which falls within the ambit of interference with plaintiff's medical leave, within the meaning of 29 U.S.C. § 2611 and the enforcement scheme contemplated by 29 U.S.C. § 2617. As such, plaintiff's action raises a federal question and is therefore removable to the United States District Court. The Court would further have jurisdiction over Plaintiff's related state claims, both statutory and common law, pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

**WHEREFORE**, Defendant ECKERD CORPORATION respectfully requests this action be removed to the United States District Court for the Southern District of Florida and respectfully requests the Court to exercise jurisdiction over this action.

Rothstein, Rosenfeldt, Dolin & Pancier, P.A.

Miller vs. Eckerd / CASE NO.: CA-02-7956-AF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by facsimile and U.S. Mail to Louis P. Pfeffer, 5700 Lake Worth Road, Suite 302, Lake Worth, FL 33401, this 15 day of November, 2002.

>ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A.
>Attorneys for Defendant
>300 Las Olas Place, Suite 860
>300 S.E. 2nd Street
>Fort Lauderdale, FL 33301
>TEL: (954) 522-3456 / FAX: (954) 527-8663
>Sdollin@rrdplaw.com
>
>By: _/s/ Susan L. Dolin_
>SUSAN L. DOLIN
>FBN: 708690

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
DONALD MILLER

02-81056

**DEFENDANTS** CIV-RYSKAMP
ECKERD CORPORATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) BROWARD

9:02cv81056 KLR/AEV

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Louis P. Pfeffer, Esq.
Fischer & Pfeffer, P.L.
5700 Lake Worth Road, Suite 302
Lake Worth, FL 33401
561-963-7350

**(d)** ATTORNEYS (IF KNOWN) SUSAN L. DOLIN, ESQ. ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A. 300 LAS OLAS PLACE, 300 S.E. 2ND STREET, SUITE 860, FT. LAUDERDALE, FLORIDA 33301
TELEPHONE: 954-522-3456

MAGISTRATE JUDGE VITUNAC

FILED 2002 NOV 15 PM 4:22

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | ☐ 2 | ☐ 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** 4-5 days estimated (for both sides) to try entire case   42 U.S.C. § 2000e et. Seq.

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret Inc Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | | | | ☐ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A ☐ UNDER F R C P 23   CLASS ACTION Yes   DEMAND $ N/A $15,000+
☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE November 15, 2002   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 526687
Date Paid NOV 15 2002
Amount: 150.00
M/ifp:

FTL/LINP/266449/5pld011.DOC/11/15/02/26094 010400